IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARIAN DIAL,

    PLAINTIFF,

V.                                                                              CIVIL ACTION NO.

MILES COLLEGE,

    DEFENDANT.                                          JURY TRIAL DEMANDED

## COMPLAINT

**I.     JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1334(4), 1343(4), 2201, 2202 and pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the ADA. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against sex discrimination.

    2.    Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

1

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3.  Plaintiff, MARIAN DIAL, (hereinafter "Plaintiff") is a resident of Headland, Henry County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4.  Defendant, MILES COLLEGE. (hereinafter "Defendant"), is a entity registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.* Defendant employs at least twenty (20) persons. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5.  Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6.  Plaintiff is a female.

7.  Plaintiff suffers from the disability of Lupus, which affects her ability to breathe, walk, stand, and affects the operation of her internal organs.

8. Defendant hired Plaintiff on or about August 4, 2015.

9. Defendant employed Plaintiff as an Assistant Hall Director for one of its dormitories located on the Miles College campus.

10. Plaintiff did not request any sort of reasonable accommodation for her disability because the existing job description allowed for her to manage the symptoms of her disability by periodically sitting and standing.

11. Defendant's Director over Housing and Financial Aid, Jeanette Grace, knew about Plaintiff's disability at the time Defendant hired Plaintiff and Grace had knowledge that Plaintiff was limited in her hours worked because her Social Security Disability benefits could be jeopardized through excessive earnings.

12. Defendant assigned Plaintiff to work at Stewart-Reddick Hall, which is a co-ed dormitory on the Miles College campus.

13. Plaintiff's job duties for Stewart-Reddick Hall were to monitor the students' use of facilities, including the televisions, computers, and behavior of the students.

14. During the Fall 2015 semester, Defendant scheduled Plaintiff to work shifts on Saturday and Sunday for twelve hours at a time.

15. According to Ms. Grace, the Miles College policy is that there are supposed to be at least two monitors in a residence hall at any given time.

16. Throughout Plaintiff's employment, Plaintiff worked with another

person on Saturdays some of the time and she worked by herself almost every Sunday.

17. Defendant's fall semester concluded on December 12, 2015.

18. On or about January 5, 2016, Plaintiff returned for a meeting with the other residence hall directors.

19. On January 9, 2016, Grace reassigned Plaintiff to continue her job duties at Stewart-Reddick Hall.

20. Shortly thereafter, Plaintiff learned about an opening at Snorton Hall, which is an all girl's dormitory.

21. Plaintiff asked Ms. Grace if she could switch to the open position in Snorton Hall.

22. Grace informed Plaintiff that she needed to interview with the Snorton Hall Director, Ms. Gwendolyn Payne.

23. Payne interviewed Plaintiff.

24. Payne informed Plaintiff she wanted a full time, forty-hour per week employee, but Plaintiff explained to Payne her medical needs as a result of her disability and the limitations that she had on her earnings.

25. Plaintiff risked suffering a Lupus episode if she worked a forty-hour work week; however, Plaintiff could manage her Lupus and reduce the risk of episode by continuing to work her current part-time schedule.

26. Plaintiff also explained that another male, Mr. Brooks, worked in an all-male dormitory as Assistant Hall Director and he worked three days per week on eight-hour shifts.

27. Payne and Plaintiff arrived at an agreement where Plaintiff could work three days per week for eight-hour shifts on Tuesday, Wednesday, and Thursday.

28. Ms. Payne agreed to these requests and Plaintiff commenced the agreed upon work schedule shortly thereafter and worked in the Snorton Hall dormitory on Tuesday, Wednesday and Thursday, working three eight-hour shifts.

29. On or about January 30, 2016, Grace approached Plaintiff and asked her, with words to the effect of, "What's this about a disability and why can't you work at Stewart-Reddick Hall?"

30. Plaintiff reminded Grace of their previous conversation that occurred when Grace hired Plaintiff wherein she informed Grace about her Lupus diagnosis, her physical limitations, and the limitations of what Plaintiff could earn without jeopardizing her Social Security Disability benefits.

31. From February 2, 2016, through February 4, 2016, Plaintiff worked her regular schedule at Snorton Hall.

32. On February 8, 2016, the Director of Stewart-Reddick Hall telephoned Plaintiff and asked why she did not show up for her weekend shift.

33. Plaintiff informed the Stewart-Reddick Hall Director, Mrs. Lanetra

Mitchell-Sellers, that she no longer worked in that dorm and that she had been reassigned to Snorton Hall.

34. Plaintiff then received another phone call from Grace wherein she asked "What is this business, you weren't at work? Why didn't you get a letter?"

35. Plaintiff informed Grace that she did not know she needed to get a letter and she also could not work the forty-hour week that Grace sought without jeopardizing her Social Security Disability benefits.

36. Grace went on to state that she was trying to "help [Plaintiff] out" by giving her forty hours in a work week despite knowing that excessive hours worked would jeopardize her Social Security Disability benefits.

37. Grace then stated, "You can work weekends at Stewart-Reddick Hall and weeks at Snorton Hall or I can replace you, you won't have a job at Stewart-Reddick Hall or Snorton Hall, so what are you going to do?"

38. Plaintiff informed Grace that she would go back to Stewart-Reddick Hall.

39. Shortly thereafter though, Plaintiff met Ms. Grace in her office to discuss her ultimatum and informed her that she could not work two dormitories or forty hours in a work week. Grace was non-responsive. Plaintiff then told Grace "You knew when you gave me the ultimatum that this was not going to work. I am departing." Her response was, "Fine!"

40. A non-disabled male, Mr. Brooks, worked as the Assistant Hall Director assigned to Murchison Hall on Miles College campus.

41. Grace allowed Brooks to work three days per week in eight-hour shifts both in the first semester of 2015 and the spring semester of 2016.

42. Plaintiff asked Grace why Brooks was allowed to work in such a manner, and Plaintiff was not. Grace stated, "Because he is a male and it is an all-male dorm."

43. Grace's response was illogical as the Residence Hall Director for Murchison Hall, Mr. Brook's supervisor, is a female.

### IV.  COUNT ONE – ADA – Disability Discrimination

44. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-43 above.

45. Plaintiff suffers from the disability of Lupus, which affects her ability to breathe, walk, stand, and affects the operation of my internal organs.

46. Defendant hired Plaintiff on or about August 4, 2015.

47. Defendant terminated and/or constructively ended Plaintiff's employment on February 8, 2016.

48. Defendant employed Plaintiff as an Assistant Hall Director for one of its dormitories located on the Miles College campus.

49. Plaintiff did not request any sort of reasonable accommodation for her

disability because the existing job description allowed for her to manage the symptoms of her disability by periodically sitting and standing.

50. Defendant's Director over Housing and Financial Aid, Jeanette Grace, knew about Plaintiff's disability at the time Defendant hired Plaintiff and Grace had knowledge that Plaintiff was limited in her hours worked because her Social Security Disability benefits could be jeopardized through excessive earnings.

51. During the Fall 2015 semester, Defendant scheduled Plaintiff to work shifts on Saturday and Sunday for twelve hours at a time.

52. Upon commencement of the Spring 2016 semester, Plaintiff sought to be moved to another dormitory and commenced working a three-day per week schedule requiring three eight-hour shifts.

53. Plaintiff successfully made arrangements for the transfer to another residence hall.

54. Upon learning about the transfer, Grace demanded that Plaintiff work her old position and the new position, resulting in Plaintiff working excessive hours that could jeopardize her Social Security Disability benefits.

55. Plaintiff risked suffering a Lupus episode if she worked a forty-hour work week; however, Plaintiff could manage her Lupus and reduce the risk of episode by continuing to work her current part-time schedule.

56. A non-disabled male, Mr. Brooks, worked as the Assistant Hall

Director assigned to Murchison Hall on Miles College campus.

57. Grace allowed Brooks to work three days per week in eight-hour shifts both in the first semester of 2015 and the spring semester of 2016.

58. Plaintiff asked Grace why Brooks was allowed to work in such a manner, and Plaintiff was not. Grace stated, "Because he is a male and it is an all-male dorm."

59. Grace's response was illogical as the Residence Hall Director for Murchison Hall, Mr. Brook's supervisor, is a female.

60. Grace placed the ultimatum for Plaintiff to work in excess of 24 hours per week with full knowledge that such labor created the risk of Plaintiff losing her Social Security Disability benefits.

61. Defendant, through the actions of Grace, was motivated to deny Plaintiff the shortened schedule she previously worked, and the transfer to another residence hall, in whole or part, because of her disability.

62. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## VI.   COUNT TWO – Title VII – Gender Discrimination

63. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-62 above.

64. Plaintiff is a female.

65. Defendant hired Plaintiff on or about August 4, 2015.

66. Defendant terminated and/or constructively ended Plaintiff's employment on February 8, 2016.

67. Defendant employed Plaintiff as an Assistant Hall Director for one of its dormitories located on the Miles College campus.

68. Upon commencement of the Spring 2016 semester, Plaintiff sought to be moved to another dormitory and commenced working a three-day per week schedule requiring three eight-hour shifts.

69. Plaintiff successfully made arrangements for the transfer to another residence hall.

70. Upon learning about the transfer, Grace demanded that Plaintiff work her old position and the new position, resulting in Plaintiff working excessive hours that could jeopardize her Social Security Disability benefits.

71. A male, Mr. Brooks, worked as the Assistant Hall Director assigned to Murchison Hall on Miles College campus.

72. Grace allowed Brooks to work three days per week in eight-hour shifts, both in the first semester of 2015 and the spring semester of 2016.

73. Plaintiff asked Grace why Brooks was allowed to work in such a manner, and Plaintiff was not. Grace stated, "Because he is a male and it is an all-male dorm."

74. Grace's response was illogical as the Residence Hall Director for Murchison Hall, Mr. Brook's supervisor, is a female.

75. Grace placed the ultimatum for Plaintiff to work in excess of 24 hours per week with full knowledge that such labor created the risk of Plaintiff losing her Social Security Disability benefits.

76. Defendant, through the actions of Grace, was motivated to deny Plaintiff the shortened schedule she previously worked, and the transfer to another residence hall, in whole or part, because of her gender, female.

77. As a result of Defendant's violation of the Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the ADA;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding him the position he would have had, had he not been discriminated against;

C. Award him back pay, together with employment benefits, front pay; compensatory damages; punitive damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 12101 that the actions of Defendant are violative of the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:
FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
Miles College
c/o Any Officer or Agent
5500 Myron Massey Blvd.
Fairfield, AL 35064

12